IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DWIGHT A. YANCY ) | CASE NO. 1:10CV1430 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| JUDGE DAVID T. MATIA. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Plaintiff *pro se* Dwight A. Yancy filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Judge David T. Matia, Cuyahoga County, Ohio Common Pleas Court Judge. He is presently incarcerated in the Cuyahoga County Jail under indictment for insurance fraud in violation of R.C. 2947.13.47(B)(1), securing records by deception in violation of R.C. 2913. 43(A) and aggravated theft in violation of R.C. 2913.02(A)(3). *State of Ohio v. Yancy*, Case No. CR-09-526395. Plaintiff alleges that his attorney failed to notify him of the date of a pretrial and, as a result, a capias was issued and his bond was revoked by Judge Matia. Further, he asserts that Judge Matia refuses to hold a bond revocation hearing thereby violating his constitutional right to bail under the Eighth Amendment and equal protection under the Fourteenth Amendment. He seeks $1,500,000.00 in compensatory and $1,000,000.00 in punitive damages.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Judge Matia is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged that reasonably suggest Judge

Matia acted outside the scope of his official duties. In fact, Judge Matia definitely acted within the scope of his official duties in presiding over Plaintiff's court case.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: 8/24/10 /s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE